UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVE BARYLICK )<br>Plaintiff )<br> )<br>v. )<br> )<br>MASSACHUSETTS BAY )<br>TRANSPORTATION AUTHORITY, )<br>BARBARA MOULTON, and )<br>ROSE YATES, )<br>Defendants ) | C.A.# 04-10618-RCL |

### ANSWER AND JURY DEMAND OF THE DEFENDANTS, MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, BARBARA MOULTON, AND ROSE YATES

Now come the Defendants, Massachusetts Bay Transportation Authority (hereinafter "MBTA"), Barbara Moulton, and Rose Yates, and answer the separately numbered allegations of the Complaint as follows:

### PARTIES

1)   The Defendants admit the allegations contained in Paragraph 1.

2)   The Defendants admit that it is an entity created by statute (M.G.L. c. 161A) and that its address is at Ten Park Plaza, Boston, Massachusetts. The allegation that the MBTA is a "body politic and corporate and a political subdivision" of the Commonwealth of Massachusetts is a legal conclusion for which no response is required.

3)   The Defendants admit the allegations contained in Paragraph 3.

4)   The Defendants admit the allegations contained in Paragraph 4.

### FACTUAL ALLEGATIONS

5)   The Defendants admit that the Plaintiff was hired on June 30, 2003 as the Manager of Creative Services and that Ms. Yates was his direct supervisor. Ms. Moulton was the head of the department where the Plaintiff worked. Therefore, her supervision was not direct, as the Defendants understand this term.

6)  The Defendants <u>admit</u> the allegations contained in Paragraph 6.

7)  The Defendants <u>deny</u> the first sentence of Paragraph 7. The Defendants <u>admit</u> the remainder of Paragraph 7, but qualify this answer in that Defendants object to the Plaintiff's use of hyperbole as in the assertion that the Defendants "proudly assert" the facts contained in their Position Statement, excerpts of which the Plaintiff quotes in Paragraph 7.

8)  The Defendants <u>deny</u> the allegations contained in Paragraph 8.

9)  The Defendants <u>deny</u> the allegations contained in Paragraph 9.

10) The Defendants <u>deny</u> the allegations contained in Paragraph 10.

11) The Defendants <u>deny</u> the allegations contained in Paragraph 11.

12) The Defendants <u>deny</u> the allegations contained in Paragraph 12.

13) The Defendants <u>deny</u> the allegations contained in Paragraph 13.

14) The Defendants <u>admit</u> that the Plaintiff was terminated from employment on or about September 11, 2003. The Defendants <u>deny</u> the other allegations of Paragraph 14.

15) The Defendants <u>admit</u> the allegations contained in Paragraph 15, but qualify this answer in that the filing date was September 24, 2003.

## COUNT I

16) The Defendants repeat and incorporate their answers to Paragraphs 1 through 15.

17) The Defendants <u>deny</u> the allegations contained in Paragraph 17.

18) The Defendants <u>deny</u> the allegations contained in Paragraph 18.

## COUNT II

19) The Defendants repeat and incorporate their answers to Paragraphs 1 through 18.

20) The Defendants <u>deny</u> the allegations contained in Paragraph 20.

21) The Defendants <u>deny</u> the allegations contained in Paragraph 21.

## COUNT III

22) The Defendants repeat and incorporate their answers to Paragraphs 1 through 21.

23) The Defendants <u>deny</u> the allegations contained in Paragraph 23.

24) The Defendants <u>deny</u> the allegations contained in Paragraph 24.

## COUNT IV

25) The Defendants repeat and incorporate their answers to Paragraphs 1 through 24.

26) The Defendants <u>deny</u> the allegations contained in Paragraph 26.

27) The Defendants <u>deny</u> the allegations contained in Paragraph 27.

## COUNT V

28) The Defendants repeat and incorporate their answers to Paragraphs 1 through 27.

29) The Defendants <u>deny</u> the allegations contained in Paragraph 29.

30) The Defendants <u>deny</u> the allegations contained in Paragraph 30.

## COUNT VI

31) The Defendants repeat and incorporate their answers to Paragraphs 1 through 30.

32) The Defendants <u>deny</u> the allegations contained in Paragraph 32.

33) The Defendants <u>deny</u> the allegations contained in Paragraph 33.

## COUNT VII

34) The Defendants repeat and incorporate their answers to Paragraphs 1 through 33.

35) The Defendants <u>deny</u> the allegations contained in Paragraph 35.

36) The Defendants <u>deny</u> the allegations contained in Paragraph 36.

37) The Defendants <u>deny</u> the allegations contained in Paragraph 37.

38) The Defendants <u>deny</u> the allegations contained in Paragraph 38.

## COUNT VII

39) The Defendants repeat and incorporate their answers to Paragraphs 1 through 38.

40) The Defendants <u>deny</u> the allegations contained in Paragraph 40.

41)   The Defendants <u>deny</u> the allegations contained in Paragraph 41.

42)   The Defendants <u>deny</u> the allegations contained in Paragraph 42.

43)   The Defendants <u>deny</u> the allegations contained in Paragraph 43.

### FIRST AFFIRMATIVE DEFENSE
(FAILURE TO STATE A CLAIM)

The Plaintiff has failed to state a claim or claims cognizable under the law, or upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(QUALIFIED IMMUNITY)

At all times pursuant to this action, the Defendants acted in good faith and belief that their actions were lawful and therefore, they are protected from suit by qualified immunity.

### THIRD AFFIRMATIVE DEFENSE
(ELECTION OF RIGHTS/REMEDIES)

Pursuant to M.G.L. c.149, §185(f), the Plaintiff has waived all rights and remedies exclusive of M.G.L. c.149 §185(d).

### FOURTH AFFIRMATIVE DEFENSE
(PRECLUSION)

The Plaintiff has failed to follow the procedures set forth in M.G.L. c.149, §185(c)(1), which procedures are a prerequisite to suit.

### FIFTH AFFIRMATIVE DEFENSE
(ACTS OF THE PLAINTIFF)

Any injury or loss suffered by the Plaintiff was caused in whole or in part by the Plaintiff's acts or failure to act.

### SIXTH AFFIRMATIVE DEFENSE
(IMMUNITY)

The MBTA is immune from suit pursuant to M.G.L. c.12, secs. 11I and H.

## JURY DEMAND

The Defendants demand a trial by jury in all counts and claims against them.

Respectfully submitted,
for the Defendants
by their attorney

Kevin S. McDermott
BBO# 544513
Assistant General Counsel
MBTA Law Department
10 Park Plaza, 7th floor
Boston, MA 02116
Tel: (617) 222-4756
E-mail: KMcDermott@mbta.com

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on 16 April 04