MAS-20031124
melnickp

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
Case Summary
Civil Docket

04/16/2004
11:43 AM

### ESCV2004-00414

04CV10618

| File Date | 03/05/2004 | Status | Disposed: remanded to District Court (em) | | |
|---|---|---|---|---|---|
| Status Date | 04/02/2004 | Session | D - Civil-CtRm 2 (Lawrence) | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | |
| Lead Case | | Track | F | | |
| Service | 06/03/2004 | Answer | 08/02/2004 | Rule 12/19/20 | 08/02/2004 |
| Rule 15 | 08/02/2004 | Discovery | 12/30/2004 | Rule 56 | 01/29/2005 |
| Final PTC | 02/28/2005 | Disposition | 04/29/2005 | Jury Trial | Yes |

#### PARTIES

**Plaintiff**
Steve Barylick
Braintree, MA 02184
Active 03/05/2004

**Private Counsel** 54 971
Donald J Hubbard
240 Park Street
West Roxbury, MA 0 132
Phone: 617-367-07
Fax: 617-469-4815
Active 03/05/2004 Notify

**Defendant**
Massachusetts Bay Transportation Authority
Ten Park Plaza
Boston, MA 02101
Service pending 03/05/2004

**Defendant**
Barbara Moulton
Service pending 03/05/2004

**Defendant**
Rose Yates
West Newbury, MA 01985
Service pending 03/05/2004

A TRUE COPY, ATTEST
Paula F. Melnick
DEPUTY ASS'T. CLERK

#### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/05/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 03/05/2004 | | Origin 1, Type B22, Track F. |
| 04/02/2004 | 2.0 | Certified copy of notice of removal filed 4/2/04 |

case01 217267 y y y y y y

Page 1 of 2

MAS-20031124  
melnickp

**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
Case Summary
Civil Docket

04/16/2004  
11:43 AM

### ESCV2004-00414

| Date | Paper | Text |
|---|---|---|
| 04/02/2004 | 3.0 | ORDER transferring/remanding case to United States District Court |
| 04/02/2004 | | Case REMOVED this date to US District Court of Massachusetts. |
| | | Disposed transferred to other court |

**EVENTS**

| Date | Session | Event | Result |
|---|---|---|---|
| 03/07/2005 | Civil-CtRm 2 (Lawrence) | Status. Review Annual Fee | Event canceled not re-scheduled |

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2004-00414-D**

RE: **Barylick v Massachusetts Bay Transportation Authority et al**

TO: Donald J Hubbard, Esquire
240 Park Street
West Roxbury, MA 02132

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/03/2004 |
| Response to the complaint filed (also see MRCP 12) | 08/02/2004 |
| All motions under MRCP 12, 19, and 20 filed | 08/02/2004 |
| All motions under MRCP 15 filed | 08/02/2004 |
| All discovery requests and depositions completed | 12/30/2004 |
| All motions under MRCP 56 served and heard | 01/29/2005 |
| Final pre-trial conference held and firm trial date set | 02/28/2005 |
| Case disposed | 04/29/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session D sitting in **CtRm 2 (Lawrence) at Essex Superior Court.**

Dated: 03/08/2004

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Edward D. Sullivan
Assistant Clerk

Location: CtRm 2 (Lawrence)
Telephone: (978) 687-7463

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

cvdtracf_2.wpd 457505 inidoc01 exarhose

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 4 0414 | Trial Court of Massachusetts Superior Court Department County: ESSEX |
|---|---|---|
| PLAINTIFF(S) STEVE BARYLICK | | DEFENDANT(S) MBTA, BARBARA MOULTON & ROSE YATES |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>DONALD HUBBARD, ESQ. 617-367-0775<br>240 PARK ST. BOSTON, MA 02122<br>Board of Bar Overseers number: 543971 | | ATTORNEY (if known) KEVIN S. MC DERMOTT, ESQ.<br>MBTA<br>10 PARK PLAZA, 7th FL<br>BOSTON, MA 02116 |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. B22  TYPE OF ACTION (specify) Employment Disc.  TRACK (F)  IS THIS A JURY CASE? (X) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................. $ .........
  2. Total Doctor expenses .................................................. $ .........
  3. Total chiropractic expenses ............................................. $ .........
  4. Total physical therapy expenses ......................................... $ .........
  5. Total other expenses (describe) ......................................... $ .........
      Subtotal $ .........
B. Documented lost wages and compensation to date .......................... $ .........
C. Documented property damages to date .................................... $ .........
D. Reasonably anticipated future medical and hospital expenses ............... $ .........
E. Reasonably anticipated lost wages ....................................... $ .........
F. Other documented items of damages (describe)
      $ .........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
PLAINTIFF WAS DISCRIMINATED AGAINST & WRONGFULLY TERMINATED BY MBTA & ALSO REFUSED TO TAKE WRONGFUL PUNITIVE ACTIONS AGAINST SUBORDINATES    $250,000

TOTAL $ 250,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY, ATTEST
[signature]
DEPUTY ASS'T. CLERK

TOTAL $ .........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT   NA

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record [signature]  DATE: 3-4-04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2004-00414**

Barylick

vs.

Massachusetts Bay Transportation Authority et al

---

### ORDER OF TRANSFER

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

ORDER transferring/remanding case to United States District Court

Dated at Lawrence, Massachusetts this 8th day of April, 2004.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY: *Paula T. Melnick*
Deputy Assistant Clerk

Telephone: (978) 687-7463

A TRUE COPY, ATTEST
*Paula T. Melnick*
DEPUTY ASST. CLERK

cvdremandc_1.wpd 465518 ortracas melnickp

COMMONWEALTH OF MASSACHUSETTS

Essex, ss.                                    Superior Court
                                              C.A. No. 4 0424

Steve Barylick,                )
        Complainant            )
                               )
v.                             )
                               )
Massachusetts Bay              )
Transportation Authority,      )
Barbara Moulton and            )
Rose Yates                     )
        Respondents            )

## COMPLAINT

1. The Plaintiff, Steve Barylick ("Barylick") is an individual residing in Braintree, Norfolk County, Commonwealth of Massachusetts.

2. The Defendant, The Massachusetts Bay Transportation Authority ("MBTA") is a body politic and corporate and a political subdivision of the Commonwealth of Massachusetts with a usual place of business at Ten Park Plaza, Boston, Suffolk County, Commonwealth of Massachusetts.

3. The Defendant, Barbara Moulton ("Moulton") is an individual residing in Dorchester, Suffolk County, Commonwealth of Massachusetts.

4. The Defendant, Rose Yates ("Yates") is an individual residing in West Newbury, Essex County, Commonwealth of Massachusetts.

5. On or about June 30, 2003, the MBTA hired Barylick to work as its Manager of Creative Services, with Moulton and Yates as his direct supervisors.

6. The Defendants have since admitted that "[p]rior to [Barylick's] hire, the Respondent Rose Yates had performed the job duties of the Manager of Creative Services," the job Barylick had been hired to fill.

A TRUE COPY ATTEST
[signature]
DEPUTY ASS'T. CLERK

7. Barylick never had a chance at the MBTA. As the Defendants themselves proudly assert, "[o]ver the course of [Barylick's] initial several weeks at the MBTA, [Barylick] was not performing as expected. Two (2) of the three (3) main areas of his responsibility, ...were assumed by the Respondent Rose Yates in an effort to enable [Barylick] to focus on management issues."

8. Shortly thereafter, the MBTA, through its agents Moulton and Yates began a campaign of harassment against Barylick designed to make his life a living hell and to terminate his employment at the MBTA.

9. Almost from the inception of his employment, Barylick was subjected to disparate treatment from Moulton and Yates, as they excluded him from meetings he should have attended, they berated him, they provided no instructions in writing, they micromanaged every aspect of his work at the MBTA and Moulton and Yates quite often provided him with totally contradictory instructions to do things, knowing that he would be criticized for not following at least one of their instructions.

10. Barylick as a result thereof began suffering from the stress he was encountering at this office. At this time his symptoms included loss of sleep, decreased appetite with weight loss, decreased concentration, irritability, excessive worrying, and lack of enjoyment in areas of his life that he once enjoyed. At a later date, his symptoms included headaches and fatigue.

11. During his employment at the MBTA Barylick received disparate treatment by Moulton and Yates because of his age (over 40 years of age) and even though he was performing his job satisfactorily. Quite overtly, they even both made disparaging comments concerning his gray hair and both asked him on several occasions if they were going too fast for him.

12. Predictably, the MBTA through its agents Moulton and Yates requested that Barylick wrongfully and illegally take inappropriate punitive action against other

employees of the MBTA which he refused to do, upon which the MBTA, through its agents Moulton and Yates took retaliatory action against him.

13. The MBTA, Moulton and Yates orchestrated escalating threats or punishment and actual punishment against Barylick, for his refusal to take unfair and illegal action against others at the MBTA.

14. On or about September 10, 2003, the MBTA, through its agents Moulton and Yates terminated Barylick. His duties were subsequently taken over by a man approximately 35 years of age.

15. Barylick filed a complaint against the MBTA with the Massachusetts Commission Against Discrimination on or about September 23, 2003.

### COUNT I-VIOLATION OF G.L. c. 151B by the MBTA

16. Barylick repeats and realleges the allegations made in paragraphs 1-15.

17. The actions of the MBTA's supervisors Moulton and Yates constituted a discrimination against Barylick on account of his age in violation of G.L. c. 151B, sect. 4 and Title VII.

18. Due to MBTA's violation of G.L. c. 151B, sect. 4 and Title VII, Barylick suffered damages including but not limited to loss of sleep, decreased appetite with weight loss, decreased concentration, irritability, excessive worrying, lack of enjoyment in areas of his life that he once enjoyed, headaches and fatigue, and reasonable and necessary treatment exceeding $2,000.00 for same.

### COUNT II-RETALIATION in Violation of c. 149, s. 185 v. MBTA

19. Barylick repeats and realleges the allegations made in paragraphs 1-18.

20. By systematically reducing Barylick's job responsibilities and then terminating Barylick, the MBTA unlawfully retaliated against Barylick for refusing to participate in an activity that Barylick believed to be against the law in violation of M.G.L. c. 149, s. 185(b)(3).

21. As a result of the MBTA's unlawful acts, Barylick has suffered significant damages including but not limited to economic damages, loss of professional opportunity, harm to his reputation and emotional distress.

### COUNT III VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT c. 12, s. 111 v. MBTA

22. Barylick repeats and realleges the allegations made in paragraphs 1-21.

23. By the conduct described above, the MBTA's agents and managers Moulton and Yates threatened, intimidated, and coerced Barylick, thereby interfering with his state and federal Constitutional rights to freedom of association, freedom of speech, guaranteed to him under the First Amendment to the United States Constitution and Part I, Article XVI of the Massachusetts Constitution, and the right to contract guaranteed under both state and federal law, and to the quiet enjoyment of his profession, and to be free of taint in his personal and professional reputation, his good name and honor and integrity.

24. As a result of Defendant MBTA's unlawful conduct, Barylick has suffered significant damages including but not limited to economic damages, loss of professional opportunity, harm to his reputation and emotional distress.

### COUNT IV-WRONGFUL TERMINATION v. MBTA

25. Barylick repeats and realleges the allegations made in paragraphs 1-24.

26. After Barylick had to endure the horrible work environment at the MBTA due to the harassment of their supervisors Moulton and Yates and the later retaliation by MBTA for not taking wrongful punitive measures against people serving under him at the direction of Moulton and/or Yates, the MBTA terminated Barylick.

27. Due to the wrongful termination of Barylick by the MBTA, Barylick suffered damages including but not limited to his loss of promotion potential, loss of ability to significantly increase his income and finally, the loss of his employment.

### COUNT V VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT c. 12, s. 111 v. MOULTON

28. Barylick repeats and realleges the allegations made in paragraphs 1-27.

29. By the conduct described above, the MBTA agent and manager Moulton threatened, intimidated, and coerced Barylick, thereby interfering with his state and federal Constitutional rights to freedom of association, freedom of speech, guaranteed to him under the First Amendment to the United States Constitution and Part I, Article XVI of the Massachusetts Constitution, and the right to contract guaranteed under both state and federal law, and to the quiet enjoyment of his profession, and to be free of taint in his personal and professional reputation, his good name and honor and integrity.

30. As a result of Defendant MBTA's unlawful conduct, Barylick has suffered significant damages including but not limited to economic damages, loss of professional opportunity, harm to his reputation and emotional distress.

### COUNT VI-VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT c. 12, s. 111 v. YATES

31. Barylick repeats and realleges the allegations made in paragraphs 1-30.

32. By the conduct described above, Defendant Yates threatened, intimidated, and coerced Barylick, hereby interfering with his state and federal Constitutional rights to freedom of association, freedom of speech, guaranteed to him under the First Amendment to the United States Constitution and Part I, Article XVI of the Massachusetts Constitution, and the right to contract guaranteed under both state and federal law, and to the quiet enjoyment of his profession, and to be free of taint in his personal and professional reputation, his good name and honor and integrity.

33. As a result of Defendant Yates's unlawful conduct, Barylick has suffered significant damages including but not limited to economic damages, loss of professional opportunity, harm to his reputation and emotional distress.

### COUNT VII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. MOULTON

34. Barylick repeats and realleges the allegations made in paragraphs 1-33.

35.  Moulton, through her overt actions intended to inflict severe emotional distress upon Barylick and/or knew that his severe emotional distress was likely to result from her conduct.

36.  Moulton's conduct toward Barylick was extreme and outrageous, beyond all possible bounds of decency and was utterly intolerable in a civilized community.

37.  Moulton's behavior caused Barylick severe emotional distress which was of a nature that no reasonable person could be expected to endure.

38.  Due to actions of Moulton, Barylick suffered damages including but not limited to loss of sleep, decreased appetite with weight loss, decreased concentration, irritability, excessive worrying, lack of enjoyment in areas of his life that he once enjoyed, headaches and fatigue and reasonable and necessary treatment exceeding $2,000.00 for same.

## COUNT VIII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. YATES

39.  Barylick repeats and realleges the allegations made in paragraphs 1-38.

40.  Yates, through her overt actions intended to inflict severe emotional distress upon Barylick and/or knew that his severe emotional distress was likely to result from her conduct.

41.  Yates's conduct toward Barylick was extreme and outrageous, beyond all possible bounds of decency and was utterly intolerable in a civilized community.

42.  Yates's behavior caused Barylick severe emotional distress which was of a nature that no reasonable person could be expected to endure.

43.  Due to actions of Yates, Barylick suffered damages including but not limited to loss of sleep, decreased appetite with weight loss, decreased concentration, irritability, excessive worrying, lack of enjoyment in areas of his life that he once enjoyed, headaches and fatigue, and reasonable and necessary treatment exceeding $2,000.00 for same.

WHEREFORE, the Plaintiff Barylick demands judgment against the MBTA, Moulton and Yates in an amount commensurate with his damages suffered, including any applicable punitive damages, together with interest, costs and reasonable attorneys fees.

A TRIAL BY JURY BY JURY IS DEMANDED FOR ALL ISSUES SO TRIABLE

By his attorney,

Donald J. Hubbard, Esq.
240 Park Street
Boston, MA 02132
(617 367-0775
BBO No. 543971

Dated: March 4, 2004