UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVE BARYLICK )<br>    Plaintiff )<br>)<br>v. )<br>)<br>MASSACHUSETTS BAY )<br>TRANSPORTATION AUTHORITY, )<br>BARBARA MOULTON, and )<br>ROSE YATES, )<br>    Defendants )<br>)| C.A.# 04-10618-RCL |

## THE DEFENDANTS' STATEMENT OF FACTS

The Defendants hereby submit the following facts pertinent to the issues addressed in the accompanying MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT. These facts are established only for the purposes of summary judgment as they are viewed in the light most favorable to the Plaintiff.

### FACTS RELATIVE TO THE PLAINTIFF'S EMPLOYMENT

1.) The Plaintiff was hired on June 30, 2003 as the Manager of Creative Services. (Complaint, par. 5) He was employed in this position until his termination on September 10, 2003. (Complaint, par. 14)

2.) Pursuant to MBTA policies, as a new hire the Plaintiff was an at-will employee on probationary status for one hundred and twenty (120) working days. Thereafter, he would be a non-probationary member of the MBTA's executive union and he would have the full panoply of protections afforded under the collective bargaining contract. (Affidavit of Rose Yates, par. 3, attached as "1")

3.) The Defendant, Barbara Moulton, is the Director of the MBTA's Marketing Communications Department. (Affidavit of Rose Yates, par. 4)

4.) The Defendant, Rose Yates, is the Deputy Director of the MBTA's Marketing Communications. She was the Plaintiff's immediate supervisor. (Affidavit of Rose Yates, par. 1)

5.)  The Plaintiff was hired after submitting an application and a resume and after being interviewed by a three (3)-person panel that included Rose Yates. (Affidavit of Rose Yates, par. 5)

6.)  At the end of the selection process the Defendant Rose Yates and the other two (2) panel members agreed that the Plaintiff was the highest scoring candidate. Rose Yates, and the other two (2) panel members, recommended to Barbara Moulton that the Plaintiff be hired. (Affidavit of Rose Yates, par.5)

7.)  Prior to the Plaintiff's hire, Rose Yates had performed the job duties of the Manager of Creative Services. Subsequent to his discharge, she took over and continues to perform the job duties of the Manager of Creative Services. (Affidavit of Rose Yates, par. 6)

8.)  Over the course of his initial several weeks at the MBTA, the Plaintiff was not performing as expected. In an effort to enable him to focus on management issues, Rose Yates assumed two (2) of the three (3) main areas of his responsibility··· physical plant renovations and staffing. (Affidavit of Rose Yates, par.7)

9.)  However, despite coaching by Ms. Yates on how to handle management issues, the Plaintiff did not perform at an acceptable level. Moreover, he continuously displayed an inappropriate and erratic management and communication style. (Affidavit of Rose Yates, par. 9)

10.) Examples of the Plaintiff's unprofessional management style are numerous, but the following two (2) demonstrate his lack of management skills:

   a) One incident occurred on approximately August 12, 2003, when he called a staff meeting and deliberately excluded the only African-American woman of his six (6) person staff. When questioned by his supervisors, the Plaintiff stated that he did this on purpose to "send a message to her". His supervisors had to explain to him that isolating and excluding staff members was not a good management strategy and, in this instance, he might give the appearance of violating the diversity ideals and zero tolerance policy of the MBTA.
   b) Another example of the Plaintiff's lack of management skills is the terse e-mail that he sent to the very same black female staff member blaming her for his lack of information concerning a major project. Again, his supervisors had to instruct him on basic concepts of comportment and communication. (Affidavit of Rose Yates, par.10)

11.) The Plaintiff attended all managers meetings. Rose Yates met with him frequently to offer advice and to share her experiences when dealing with the job duties of the position. He stated that her advice was mostly valid and helpful. Contrary to his assertions, he was never excluded from any meetings or isolated in any fashion. (Affidavit of Rose Yates, par.8)

12.) On August 26, 2003, the Plaintiff was informed that he needed to significantly improve in three vital areas: communication, management skills, and his own commitment. He was also told that he had two weeks to show improvement and that at the end of two weeks his future with the MBTA would be addressed. (Affidavit of Rose Yates, par. 11"F")

13.) Over the course of the ten (10) weeks that the Plaintiff worked as the Manager of Creative Services, it became clear to his supervisors that he lacked a basic understanding of his job responsibilities and that he did not understand the work within that unit. At a September 5, 2004 meeting with Rose Yates and Barbara Moulton, he admitted that he had never executed a strategic brief. Use of a strategic brief was a critical and core area of his job. It is a vital tool in creative strategy. Manifestly, during the hiring process, and subsequently, the Plaintiff had repeatedly misrepresented his creative strategy experience. (Affidavit of Rose Yates, par.13)

14.) After the meeting on September 5, 2003, Rose Yates and Barbara Moulton consulted with the MBTA's Office of Human Resources and Office of Labor Relations about their concerns with the Plaintiff's work performance. (Affidavit of Rose Yates, par. 14)

15.) The Plaintiff's probationary employment at the MBTA was terminated on September 10, 2003, because his work did not meet the MBTA's legitimate expectations. Rose Yates and Barbara Moulton offered him the opportunity to resign, but he declined. Accordingly, he was terminated. (Affidavit of Rose Yates, par. 15)

16.) No one else was hired for the position and Rose Yates again assumed the Plaintiff's job duties. (Affidavit of Rose Yates, pars. 6 & 16)

17.) The Marketing Department employs a diverse staff. At all applicable times, its managers numbered between three (3) and five (5)--- excluding Barbara Moulton and Rose Yates. By and large, they have been between forty (40) and sixty (60) years of age. (Affidavit of Rose Yates, pars. 17)

Respectfully submitted,
for the Defendants
by their attorney,

_____
Kevin S. McDermott
BBO# 544513
Assistant General Counsel
MBTA Law Department
10 Park Plaza, 7th floor
Boston, MA 02116
Tel: (617) 222-4756
E-mail: KMcDermott@mbta.com



**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 21 JAN 05.